[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11346

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ERIC JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:09-cr-00223-GAP-GJK-2

_____

Before ROSENBAUM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Eric Jackson, a federal prisoner proceeding *pro se*, appeals the district court's denial of his *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018) ("First Step Act"). He argues that he is entitled to a sentence reduction because his sentence is disproportionate and unjust. Jackson asserts that the district court erred when it denied his motion because the law is unclear about whether stacked 18 U.S.C. § 924(c) convictions can create an extraordinary and compelling reason for a sentence reduction. Additionally, he contends that, if he were sentenced today, he would receive only a mandatory minimum sentence of 8 to12 years, and he has already served 12 years in the Federal Bureau of Prisons ("BOP"), but he was sentenced to 27 years.

The government responds by moving for summary affirmance of the district court's order and to stay the briefing schedule, arguing that Jackson abandoned any challenge to the district court's finding that the 18 U.S.C. § 3553(a) factors weigh against his release. Also, it contends that Jackson failed to establish that he suffers from a serious physical or mental condition that substantially diminishes his ability to provide self-care within the environment of prison and from which he is not expected to recover and that his stacked § 924(c) sentences are not an extraordinary and

compelling reason for compassionate release, so the district court did not abuse its discretion when it denied his motion.

Summary disposition is appropriate, in part, where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We review *de novo* a district court's determination about a defendant's eligibility for an 18 U.S.C. § 3582(c) sentence reduction. *Bryant*, 996 F.3d at 1251. But we review a district court's denial of a prisoner's 18 U.S.C. § 3582(c)(1)(A) motion under an abuse-of-discretion standard. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

District courts lack the inherent authority to modify a term of imprisonment but may do so within § 3582(c)'s provisions. 18 U.S.C. § 3582(c); *United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020), *cert. denied*, 141 S. Ct. 2635 (2021). As amended by § 603(b) of the First Step Act, § 3582(c) now provides, in relevant part, that

> [t]he court, upon motion of the Director of the ([BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the

> defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i). "Under § 3582(c)(1)(A), the court must find that all necessary conditions are satisfied before it grants a reduction." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). Accordingly, the absence of any one of the necessary conditions—support in the 18 U.S.C. § 3553(a) factors, extraordinary and compelling reasons, and adherence to U.S.S.G. § 1B1.13's policy statement—forecloses a sentence reduction. *Id.* at 1240. Additionally, we have held that nothing on the face of 18 U.S.C. § 3582(c)(1)(A) requires a court to conduct the compassionate-release analysis in any particular order. *Id.* at 1237.

Finally, when an issue is not plainly and prominently raised in a party's initial brief, that issue is abandoned. *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003); *see also United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (*en banc*) (holding that issues not raised in an initial brief are deemed forfeited and will not be addressed absent extraordinary circumstances); *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (stating that "issues not briefed on appeal by a *pro se* litigant are deemed abandoned").

Here, we conclude that summary affirmance is appropriate because the government's position is clearly correct as a matter of law. *Groendyke Transp., Inc.*, 406 F.2d at 1162. In its order denying Jackson's first motion for compassionate release, the district court addressed Jackson's motion on the merits and found that the § 3553(a) factors—specifically, the circumstances and severity of his crimes, the need to protect the public from further violent crimes, and that he had served less than 50% of his sentence—weighed against his early release. Subsequently, in its order denying Jackson's second motion for compassionate release, the district court referred back to its previous order finding that the § 3553(a) factors weighed against Jackson's release.

On appeal, Jackson failed to plainly and prominently argue that the district court erred when it found that the § 3553(a) factors weighed against a sentence reduction, so he abandoned the issue. *Jernigan*, 341 F.3d at 1283 n.8. Because a court "must find that all necessary conditions are satisfied before it grants a reduction" under § 3583(c), the district court's finding that the § 3553(a) factors weighed against Jackson's release was enough to preclude relief. *Tinker*, 14 F.4th at 1237, 1240. Therefore, the government's argument that we may affirm because Jackson did not challenge the district court's ruling that his motion for compassionate release failed when weighed against the § 3553(a) factors is clearly correct as a matter of law. *Groendyke Transp., Inc.*, 406 F.2d at 1162.

For these reasons, summary affirmance is warranted in this case. *Groendyke Transp., Inc.*, 406 F.2d at 1162. Therefore, we

6                     Opinion of the Court                     22-11346

**GRANT** the government's motion for summary affirmance and **DENY AS MOOT** its motion to stay the briefing schedule.